**Vernon WELKER, Plaintiff-Appellant,**

**v.**

**UNITED STATES of America; U.S. Customs Inspector 2624; U.S. Customs Investigator Homer; Customs Supervisor 2447; and U.S. Customs Director, Defendants-Appellees.**

No. 81–5266.

United States Court of Appeals, Ninth Circuit.

Resubmitted June 29, 1981.

Decided Jan. 7, 1982.

Vernon Welker, in pro. per.

Joseph T. Cook, Asst. U.S. Atty., San Diego, Cal., for the U.S.

Before CHAMBERS and TANG, Circuit Judges, and CAMPBELL,* District Judge.

CHAMBERS, Circuit Judge:

Welker has had some sort of problem with some United States Customs officer or officers at the San Ysidro, California, Port of Entry (near San Diego, California). Welker is an American citizen who had been down in Mexico in his automobile.

Upon his return, he brought back a collection of old pieces of wood. Some of the wood was on his back seat and some was in the trunk of his car. At the entry point he told an officer or officers about the wood on his back seat and seems to have neglected mentioning the wood in the trunk. The wood in the trunk became an issue. There is no suggestion that if he had orally declared all old wood at the outset, it would not have been exempt from payment of duty.

---

* The Honorable William J. Campbell, United States District Judge for the Northern District of Illinois, sitting by designation.

Protesting, he paid an officer or officers for the government a "fine" of $149.76, filing with the payment some sort of a petition for remission, apparently prepared by the officer.

Next Welker is at the federal courthouse in San Diego filing in pro per a complaint asking for thousands of dollars against all the parties listed in the caption above.

■ First, we digress to say we affirm the court's judgment of dismissal as to the United States Customs Director at San Diego. There is no indication that he had any connection with the border arguments. Then we affirm as to the dismissal of the United States of America. Welker has pleaded nothing that would make the United States responsible under any theory.

■ As to United States Customs Inspector 2424, United States Customs Investigator Homer, and United States Customs Supervisor 2447, it is still not clear to us after reading the complaint who is alleged to have done what. But we think we are compelled under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), to hold that Welker has badly pleaded a case against one or more of the Customs officers on the scene at the time of the confrontation. We do not say he has proved it.[1]

We suggest that the plaintiff has not pleaded under *Bivens* more than one cause of action against one or more of the agents on the scene and suggest that the court should require Welker to file a self-sufficient complaint (complete within its four corners) without reference to an old complaint. It can be stated with far less words, but still specifically pinpointing what each of the three officers is supposed to have done.[2]

■ These observations are made. The contentions made by Welker that he is a counter-defendant are legally frivolous and should be stricken. The amount claimed is excessive.

We approve of the opinion of the Second Circuit on remand, *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 456 F.2d 1339, (2nd Cir. 1972), including Judge Lumbard's concurrence. We were still curious as to what happened to *Bivens* after it went back to the Eastern District of New York. Books in buckram and mechanical probing did not help. Believing that we are entitled to take judicial notice of another federal court's records, we made inquiry as to what eventually happened to Bivens. After 12 continuances he settled with five defendants for $100 each. Thereupon the district court dismissed the complaint as to all six defendants. That trail seems to have finally ended.

■ We do add that plaintiff ought to have his $149.76 "fine" back, but not in this action because it was brought into district court before the administrative process was complete.

■ We also note that the district court's summary judgment denying relief on the claim seeking relief under the Freedom of Information Act was correct.

The order dismissing the *Bivens* claim should be vacated.

Remanded for proceedings consistent herewith.

---

1. The customs officers did have a duty to stop Welker and probe: 19 U.S.C. §§ 482, 1459, 1460, 1499, 1581, 1582 and *Bivens* covers only if there was bad faith of the type indicated hereinabove.

2. The plaintiff says in his pleading that he had "avoided" paying Mexican export duty, which came to the attention of the American customs officers.